Dear Mayor Jordan:
This office is in receipt of your request for reconsideration of Atty. Gen. Op. 01-266 in regard to supplemental pay for the Chief of Police who was appointed to fill the term of the elected Chief of Police who resigned. It was stated in the latter opinion that in order to receive State supplemental compensation, P.O.S.T. certification was required. We are now informed the appointee to the position as Chief of Police was P.O.S.T certified, that he had been a police officer prior to the appointment, and the position as Chief is a full time position.
In Atty. Gen. Op. 01-266 reference was made to Atty. Gen Op. 86-589 wherein it was observed although the chief of police was appointed, he was appointed to fill a vacancy created in an elective position, and therefore occupied the position as an elective chief of police and "is governed by those provisions which control those police departments with an elected chief of police."
Similarly, in Atty. Gen. Op. 94-501 there was an appointment to fill a vacancy by retirement of the elected Chief of Police. This office was asked it the governing authority could remove that appointee to appoint the newly elected Chief of Police to serve out the remainder of the term. This office concluded the appointee was holding an elective office as Chief of Police, notwithstanding he held the office by virtue of his appointment. Accordingly, there was no vacancy to permit another appointment.
To conclude that the person appointed to the position of the elected Chief of Police is not entitled to supplemental pay, ignores the fact that he is filling an elective position. Under such circumstances this office believes he should be governed by the statutory provisions applicable to an elected chief of police.
Additionally, in Atty. Gen Op. 96-474 this office noted that under R.S. 40:2402 "peace officer" means any full-time employee of a public agency whose permanent duties include making of arrest, performing search and seizures, and is responsible for prevention or detection of crime "but not including any elected or appointed head of a law enforcement department." However, it was then observed that while "peace officer" did not include an elected or appointed chief of police for retaining P.O.S.T. certification under R.S. 40:2401, et seq., R.S. 33:2218.2, governing eligibility for state supplemental benefits, makes no such exception. It was concluded the appointed chief of police would remain ineligible for supplemental pay benefits unless P.O.S.T. certified.
Herein we have an appointed chief of police who is filling a full time elective position, and he is P.O.S.T. certified. Pursuant to R.S.33:2218.2 a municipal or tribal police officer entitled to additional pay out of state funds includes as follows:
 (6) Any municipal or tribal marshal or constable or deputy marshal or constable who serves as a chief of police or who is employed on a full-time basis by a municipality or tribe and whose major source of income from public employment is derived from and paid by a municipality or tribe, including the constable of the First City Court of the city of New Orleans.
 * * * * * * * * * * * * * * * * * * * * * * * * * * *
 (8)(a) Any person elected to the office of chief of police of a municipality or tribe who is otherwise qualified as a duly commissioned law enforcement officer to receive additional pay out of state funds as provided for in this Subpart. Any person who has been sworn in as an elected chief of police and who resigned a position as a duly commissioned law enforcement officer of a municipality or tribe to run for the office of chief of police and who was receiving additional pay out of state funds prior to his resignation shall continue to be entitled to receive additional pay out of state funds, notwithstanding any interruption in service between his resignation from the position of a duly commissioned law enforcement officer and his swearing-in as chief of police.
Accordingly, we would conclude if an appointee was sworn to fill the position of a full time elected chief of police, was a commissioned police officer prior to the appointment and P.O.S.T. certified, he should receive state supplemental pay, which we understand to be the facts in question herein.
We hope this sufficiently states the opinion of this office relative to the facts of this inquiry so as to clarify the earlier opinion.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr